IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

STEVEN WALTER EASON                                              PETITIONER

v.                                           CIVIL ACTION NO. 2:09cv116-KS-MTP

RON KING                                                        RESPONDENT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Petition of Steven Walter Eason for a Writ of

*Habeas Corpus* under 28 U.S.C. § 2254.  Having considered the Petition [1], the Memorandum

[4] in Support of Petition, the Answer [12], the Traverse [19], the record of the state court

proceedings[1] and the applicable law, the undersigned is of the opinion that the Petition should be

denied and dismissed with prejudice.

## PROCEDURAL HISTORY

On February 16, 2006, following a jury trial, Petitioner Steven Walter Eason was

convicted of four counts of sexual battery in the Circuit Court of Perry County, Mississippi.[2]  *See*

State Court Record (SCR) vol. 1 at 50-53; *see also* Petition [1] at 1-2.  Petitioner was sentenced

to serve consecutive terms of thirty years on Count I, thirty years on Count II, thirty years on

Count III, and thirty years on Count IV, with ten years to serve and twenty years suspended, for a

---

[1] Pursuant to an Order [14] dated January 8, 2010, the state court record has been filed
under seal.

[2] The facts of this case are set forth more fully in the Courts of Appeals' decision denying
Petitioner's direct appeal.  *Eason v. State*, 994 So. 2d 785 (Miss. Ct. App. 2008), *reh'g denied*,
Aug. 19, 2008, *cert. denied*, 998 So. 2d 1010 (Miss. 2008) (Exh. C to Answer).  To briefly
summarize, the State presented evidence at trial that Petitioner forced his minor stepdaughter to
engage in vaginal intercourse (Count 1), anal intercourse (Count II) and oral intercourse (Count
III) with him, and that Petitioner forced his minor stepson to perform anal intercourse upon his
minor stepdaughter, while he watched (Count IV).

total of one-hundred years in the custody of the Mississippi Department of Corrections. *See id.*

Petitioner appealed, raising the following as grounds for relief (as stated by Petitioner through counsel):

I.  The evidence was insufficient to prove the indictment.

II.  The verdict was against the overwhelming weight of the evidence.[3]

*See* SCR, "Briefs & Other Pleadings" volume; Petition at 2. On March 8, 2008, the Mississippi Court of Appeals affirmed Petitioner's convictions and sentences in a published opinion. *Eason v. State*, 994 So. 2d 785 (Miss. Ct. App. 2008), *reh'g denied*, Aug. 19, 2008, *cert. denied*, Nov. 13, 2008 (Exh. C to Answer). Thereafter, Petitioner filed a *pro se* "Application for Leave to File Motion for Post-Conviction Collateral Relief Pursuant to Sec. 99-39-27 (2006)," alleging the following (as paraphrased by the court):

> Ground One: Prosecution of Count IV of the superseding indictment (Cause No. 5234) was time-barred pursuant to Miss. Code Ann. § 99-1-5, as prosecution was not commenced within two (2) years.[4]

> Ground Two: Petitioner received ineffective assistance of counsel on direct appeal.[5]

---

[3] Petitioner also unsuccessfully sought leave of court to file a *pro se* supplemental appellate brief. *See* SCR, "Briefs & Other Pleadings" volume.

[4] Petitioner was initially indicted on April 11, 2003 (Cause No. 5051) on two counts of sexual penetration in violation of Miss. Code Ann. § 97-3-95(1)(d) and two counts of sexual intercourse in violation of Miss. Code Ann. § 97-3-65 (1)(b), alleged to have occurred in December 2002 and January 2003, and all involving the same minor female victim. The superseding indictment (Cause No. 5234) which was filed on October 20, 2005, under which Petitioner was tried and convicted, contained three counts of sexual battery in violation of Miss. Code Ann. § 97-3-95((1)(d), involving the same minor female victim as in the initial indictment, and a count of sexual battery upon her as well as her minor brother (Count IV), in violation of Miss Code Ann. § 97-3-95(1)(A), all alleged to have occurred between December 2002 and January 2003. *See* SCR vol. 1 at 4-5; Memorandum at 3-4. The charges in Cause No. 5051 were *nolle prosequied* on February 22, 2006. *See* Exh. A to Answer.

[5] This ground was based upon appellate counsel's failure to raise the following claims: that Count IV of the superseding indictment was time-barred by statute; that trial counsel was ineffective for failing to advise Petitioner of his speedy trial rights or to raise an objection on

Ground Three: Petitioner received ineffective assistance of counsel at trial.

Ground Four: Petitioner's due process rights were violated because Count IV of the indictment (Cause No. 5234) was time-barred pursuant to Miss. Code Ann. § 99-1-5.

Ground Five: Petitioner's trial was fundamentally unfair due to prejudicial testimony regarding Count IV of the superseding indictment in Cause No. 5234.

Ground Six: Eason's constitutional and statutory rights to a speedy trial were violated.

*See* SCR, "Miscellaneous Pleadings" volume.

Petitioner then filed an "Amended Motion for Post-Conviction Collateral Relief," adding the following claims to Grounds One and Two of his original petition (as paraphrased by the court):

Ground One: The filing of the superseding indictment (Cause No. 5234) violated Petitioner's double jeopardy rights because the preceding indictment (Cause No. 5051) had not been dismissed or *nolle prossed*.

Ground Two: Appellate counsel was ineffective for failing to challenge trial counsel's failure to object to the prosecution's testimony regarding the medical records of the victims, when those records were not entered into evidence.

*See* SCR, "Miscellaneous Pleadings" volume. On May 27, 2009, the Mississippi Supreme Court denied Petitioner's request for post-conviction relief, finding that Petitioner had failed to meet the standard for ineffective assistance of counsel claims set forth in *Strickland v. Washington*, 466 U.S. 668 (1987). *See* Exh. D to Answer.

Petitioner, proceeding *pro se*, filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 19, 2009, raising the following grounds for relief (as paraphrased by the court):

_____

speedy trial grounds; and that trial counsel was ineffective by failing to conduct an adequate investigation. *See* SCR, "Miscellaneous Pleadings" volume.

Ground One: Petitioner's right to due process was violated because Count IV of the indictment was time-barred under Miss. Code Ann. § 99-1-5, and the grand jury in Cause No. 5234 lacked subject matter jurisdiction because the earlier indictment in Cause No. 5051 had not yet been *nolle prossed*.

Ground Two: Appellate counsel was ineffective in that he raised meritless claims on direct appeal rather than alleging the following grounds for relief:

(a) Count IV was time-barred;

(b) trial counsel was ineffective for failing to object to the prosecution of Count IV because of the time-bar;

(c) trial counsel was ineffective for failing to advise Petitioner of his speedy trial rights;

(d) trial counsel was ineffective for failing to conduct an adequate investigation into the medical records of the female victim; and

(e) trial counsel was ineffective for failing to investigate the facts and circumstances surrounding the charges.

Ground Three: The evidence introduced at trial was insufficient to support the verdict.

*See* Petition[1]; Memorandum [4].

## THE STANDARD OF REVIEW

As an initial matter, exhaustion of state remedies is a mandatory prerequisite to federal habeas relief under 28 U.S.C. § 2254:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that–
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i) there is an absence of available State corrective process; or
        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, the petitioner must first present his claims to the highest state court in a procedurally proper manner so that it is given a fair opportunity to

consider and pass upon challenges to a conviction, before those issues come to federal court for habeas corpus review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). This is so because state courts, "like federal courts, are obliged to enforce federal law." *Id.* at 844. Thus, "when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* Exhaustion results from the petitioner's pursuit of his claims through state courts either by direct appeal or by post-conviction proceedings. *See Orman v. Cain*, 228 F.3d 616, 619-20 & n.6 (5th Cir. 2000).

Along with a determination of whether the petitioner has exhausted state court remedies, this court must also determine whether the state court has decided the asserted claim on the merits, thus barring habeas relief except under very limited circumstances. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).[6]

---

[6] The court agrees with Respondent that all claims raised in the instant Petition were exhausted. However, the Mississippi Supreme Court's Order denying Petitioner's Application for Leave to File a Motion for Post-Conviction Relief states only that Petitioner "asserts that his trial and appellate counsels rendered ineffective assistance for failure to raise speedy trial issues and certain issues concerning indictments," and does not reference Petitioner's other claims of ineffective assistance of counsel or his other grounds for relief. *See* Exh. D to Answer. Accordingly, the court cannot conclude that this Order constitutes a decision "on the merits" with respect to those omitted claims. Out of an abundance of caution, therefore, the court finds it

Federal courts review pure questions of law, as well as mixed questions of law and fact, under subsection (d)(1). *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000); *Corwin v. Johnson,* 150 F.3d 467, 471 (5th Cir. 1998). The "unreasonable application" inquiry is based on an objective standard, and for purposes of the (d)(1) analysis, "unreasonable" does not equate with "incorrect." *Garcia v. Dretke,* 388 F.3d 496, 500 (5th Cir. 2004). Rather, the application of clearly-established precedent must be both incorrect *and* unreasonable for federal habeas relief to be warranted. *Id.*

Pure questions of fact are reviewed under subsection (d)(2). *Corwin,* 150 F.3d at 471. Determination of a factual issue made by a state court is entitled to a presumption of correctness which the petitioner has the burden of rebutting by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Schriro v. Landrigan*, 127 S.Ct. 1933, 1939-40 (2007).

It is against this backdrop that Petitioner's claims must be reviewed – with the added observation that a federal court does not "sit as a 'super' state supreme court" and may decide the issues presented by the habeas petition "only to the extent that federal constitutional issues are implicated." *Smith v. McCotter,* 786 F.2d 697, 700 (5th Cir. 1986); *see also Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981). Thus, AEDPA provides that the court "shall entertain an

---

appropriate to review those claims - which are encompassed within Grounds One, Two (d) and (e) and Three - under the pre-AEDPA de novo standard of review. *See Cone v. Bell*, 129 S.Ct. 1769, 1784 (2009) (where state court does not reach merits of habeas claim, AEDPA's deferential standard does not apply, but the claim is instead reviewed de novo); *Lefevre v. Cain*, 586 F.3d 349, 353 (5th Cir. 2009), *petition for cert. filed*, Jan. 22, 2010 ("the deferential AEDPA standard does not apply when the petitioner fairly presents his claim to the state court, the state court does not adjudicate the claim on the merits, and the claim is not procedurally defaulted; the federal court then conducts a de novo review."); *see also Cervantes Salazar v. Dretke*, 393 F.Supp. 2d 451, 505 (W.D. Tex. 2005), *aff'd*, 260 Fed. Appx. 643 (5th Cir. Dec. 20, 2007), *cert. denied*, 128 S.Ct. 2963 (2008) (holding that where petitioner fairly presented a claim to state habeas court, but court "made no mention of that claim whatsoever in its findings of facts and conclusions of law," the federal court must review the claim de novo).

application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  29 U.S.C. § 2254(a) (emphasis added).

ANALYSIS

Ground One

In Ground One, Petitioner argues that his right to due process was violated because Count IV of the indictment was time-barred under Miss. Code Ann. § 99-1-5, and that because the original indictment was not *nolle prossed* before the superseding indictment was obtained, his due process and double jeopardy rights were violated.

Petitioner is correct that he was charged in Count IV of the superseding indictment under Miss. Code Ann. § 97-3-95(1)(a) (*see* SCR vol. 1 at 4-5) and, as such, was subject to the general two-year statute of limitations set forth in Miss. Code Ann. § 99-1-5.  However, Miss. Code Ann. § 99-1-7 provides that "[a] prosecution may be commenced, within the meaning of section 99-1-5 by the issuance of a warrant, or by binding over or recognizing the offender to compel his appearance to answer the offense, as well as by indictment or affidavit."  *See also Bridges v. State*, 826 So. 2d 750, 754 (Miss. Ct. App. 2002), *reh'g denied*, Sept. 17, 2002.

The record reflects that an "Offense/Incident Report" was generated by the Perry County Sheriff's Department on February 2, 2003, based on the complaint of sexual abuse by the minor victims, charging Petitioner with statutory rape and child abuse.  In the complaint, Petitioner's stepdaughter provided a narrative to police which included the allegation that Petitioner had forced her to have sex with her stepbrother, the subject of the crime charged in Count IV.  *See* Exh. E to Answer.  On March 21, 2003, two warrants for Petitioner's arrest were issued by the Perry County Justice Court based on the charges of statutory rape and child abuse.  *See* Exh. F to

Answer. Petitioner turned himself into the Perry County Sheriff's Department that day and was arrested, but was released on bond on March 31, 2003. *See* Exh. G to Answer.

Petitioner's indictment stated that the abuse occurred between December 2002 and January 2003, and the arrest warrant was issued on March 21, 2003. *See* SCR vol. 1 at 4-5; Exh. F to Answer. Because, as set forth above, Mississippi statute provides that for statute of limitations purposes a prosecution may be commenced upon the issuance of an arrest warrant, the prosecution of Count IV of the superseding indictment was clearly within two years of Petitioner's commission of the offense and was valid under state law. *See State v. Parkman*, 906 So. 2d 888, 890-91 (Miss. 2005) (prosecution of defendant was commenced for statute of limitations purposes when arrest warrant was issued); *State v. Woodall*, 744 So. 2d 747, 749 (Miss. 1999) (prosecution commenced, and statute of limitations began to run, when arrest warrant was issued, not when indictment was later filed); *Bridges*, 826 So. 2d at 754 (holding that where defendant was arrested on a warrant less than two years after the alleged crime was committed - although not indicted and tried until more than two years later - trial court did not err in denying motion to dismiss charges based on statute of limitations grounds).

Petitioner also argues that the original indictment should have been *nolle prossed* before the superseding indictment was obtained.[7] *See* Memorandum at 7-8. This issue was addressed by the Mississippi Supreme Court in *Mitchell v. State*, 792 So. 2d 192 (Miss. 2001), *reh'g denied*, Dec. 2, 2004, *cert. denied*, 544 U.S. 1022 (2005), where defendant argued that the trial court had erred in denying his motion to dismiss a second indictment when the first indictment was still pending. There, the court held that because defendant had been aware that the State was pursuing prosecution under the second indictment, as evidenced by the fact that defense counsel

---

[7] As noted supra, the initial indictment was not *nolle prossed* until February 22, 2006. *See* Exh. A to Answer.

had submitted motions and requests for discovery to the court with the cause number from the second indictment, defendant was not prejudiced from having simultaneous indictments against him. *See id.* at 200. In this case, Petitioner and his attorney were clearly aware that the State intended to proceed on the second indictment, as they filed several pre-trial motions in that cause number. *See*, *e.g.*, SCR vol. 1 at 11-15, 20-25. In addition, as in this case, the defendant in *Mitchell* was subject to only one trial. *See Mitchell*, 792 So. 2d at 200. Accordingly, as the Mississippi Supreme Court held in *Mitchell*, any error in issuing the second indictment before *nolle prosequi* of the first indictment was clearly harmless. *See id.*

Nor were Petitioner's double jeopardy rights violated because the original indictment was not *nolle prossed* before the superseding indictment was obtained. "The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth, provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb." *Brown v. Ohio*, 432 U.S. 161, 164 (1977). Thus, the principle of double jeopardy protects against multiple prosecutions and punishments for the same offense. *See Whalen v. U.S.*, 445 U.S. 684, 688 (1980). However, the issuance of two indictments does not implicate double jeopardy where the defendant is not tried under the first indictment. *See Coleman v. Scott*, 37 F.3d 633, at * 1 (5th Cir. Sept. 29, 1994) (*per curiam*) (citing *U.S. v. Garcia*, 589 F.2d 249, 250-51 (5th Cir. 1979)) ("The Supreme Court has stated consistently that a prosecution does not sufficiently 'jeopardize' a defendant for purposes of a Double Jeopardy clause until the defendant is 'put to trial before the trier of facts.'") (quoting *U.S. v. Jorn*, 400 U.S. 470, 479 (1971)); *see also Mitchell*, 792 So. 2d at 200 (holding that the issuance of a second indictment before a *nolle prosequi* of a first indictment containing the same charge was not a double jeopardy violation). Since Petitioner was not tried on the initial indictment, jeopardy did not attach and, therefore, the fact that the first

indictment was not *nolle prossed* before the superseding indictment was prosecuted did not violate Petitioner's right against double jeopardy.

Thus, for the foregoing reasons, this claim for habeas relief has no merit and should be dismissed.

Ground Two

In Ground Two, Petitioner makes a number of claims of ineffective assistance of counsel, arguing that his appellate attorney should have raised certain claims on his direct appeal. Each of these claims will be addressed separately below.

It was in *Strickland v. Washington*, 466 U.S. 668, 687 (1984) that the United States Supreme Court defined the standard by which an ineffective assistance of counsel claim in a habeas proceeding is to be measured: Petitioner must show that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." In order to establish deficiency, Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed...by the Sixth Amendment." *Id.* This court's "scrutiny of counsel's performance must be highly deferential" and it must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *see also Moawad v. Anderson,* 143 F.3d 942, 946 (5th Cir. 1998) (observing that the court "gives great deference to counsel's assistance, strongly presuming that counsel has exercised reasonable professional judgment") (internal quotations and citations omitted).

"To meet the prejudice prong of the *Strickland* test, the defendant may not simply allege but must 'affirmatively prove' prejudice." *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir. 1986) (citation omitted). Further, Petitioner must not only prove a "reasonable probability" that the outcome of the proceedings would have been different "but for counsel's unprofessional errors," *Strickland*, 466 U.S. at 694, but must also prove that "'the result of the proceedings was

fundamentally unfair or unreliable.'" *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir. 1995) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

The right to effective assistance of counsel is not confined to trial, but extends to the first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Claims of ineffective assistance of counsel on appeal are assessed under the same two-prong test established in *Strickland* for evaluating claims of ineffective assistance of trial counsel. *U.S. v. Hamilton*, 2008 WL 2117679, at * 3 (S.D. Miss., May 19, 2008) (citing *Williams v. Collins*, 16 F.3d 626, 635 (5th Cir. 1994)). The U.S. Supreme Court has recognized the value in appellate counsel examining the record and selecting the most promising issues for appellate review, and the Court has noted that experienced attorneys know the importance of focusing on their strongest arguments on appeal. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1985). Thus, appellate counsel has no duty to raise every colorable claim on appeal. *Id*. at 754. Moreover, in order to establish a claim for ineffective assistance of counsel, a petitioner must show a reasonable probability that but for appellate counsel's failure to raise an issue, he would have prevailed on appeal. *See Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991) (citing *Strickland*, 466 U.S. at 694).

a) Count IV was time-barred, and b) Trial counsel was ineffective for failing to object to the prosecution of Count IV because of the time-bar

As discussed *supra* with respect to Ground One, Petitioner's claim that Count IV was time-barred has no merit. Accordingly, appellate counsel was not ineffective for failing to raise these claims on appeal. *See U.S. v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.") (citations omitted); *see also Jones*, 463 U.S. at 751-54; *Wicker v. McCotter*, 783 F.2d 487, 497 (5th Cir. 1986) (holding that defendant's appellate

counsel was not ineffective, where he "raised and extensively briefed a number of issues[;]" the fact that appellate counsel did not argue every possible point on appeal did not render him ineffective). Moreover, Petitioner cannot establish that he would have prevailed on appeal had his appellate counsel raised these claims.[8]

In addition, the court notes that Petitioner raised in his *pro se* motion for post-conviction relief a claim that his appellate counsel was ineffective for failing to raise the issue that trial counsel should have objected to prosecution of Count IV because it was time-barred. *See* SCR, "Miscellaneous Pleadings" volume. Therefore, Petitioner cannot establish prejudice because this claim was, in fact, considered by the Mississippi Supreme Court.[9] For these reasons, this claim for habeas relief has no merit and should be denied.

c) Trial counsel was ineffective for failing to advise Petitioner of his speedy trial rights

Petitioner had the opportunity to - and in fact did - raise this claim in his *pro se* motion for post-conviction relief. *See* SCR, "Miscellaneous Pleadings" volume. Accordingly, even if Petitioner could establish that his appellate counsel was ineffective for failing to raise this claim on direct appeal, he could not establish the requisite prejudice, as this claim was presented to - and considered by - the Mississippi Supreme Court. Thus, this claim for habeas relief has no merit and should be denied.

---

[8] Further, it appears that because the statute of limitations issue was not raised at trial, it was waived and could not then be raised by Petitioner's attorney on direct appeal. *See Agee v. State*, 829 So. 2d 726, 728 (Miss. Ct. App. 2002) ("a statute of limitations in criminal law as in civil is an affirmative defense that can be waived if not raised.").

[9] Indeed, it is "unusual" for a claim of ineffective assistance of counsel to be considered on direct appeal because the appellate court is "limited to the trial court record in [its] review of the claim and there is usually insufficient evidence within the record to evaluate the claim." *Aguilar v. State*, 847 So. 2d 871, 877 (Miss. Ct. App. Sept. 24, 2002), *cert. denied*, 847 So. 2d 866 (Miss. 2003) (citation omitted). Thus, the appropriate course of action is generally for such claims to be raised in petitions for post-conviction relief. *See id.*

d) Trial counsel was ineffective for failing to conduct an adequate investigation into the medical records of the female victim and e) Trial counsel was ineffective for failing to investigate the facts and circumstances surrounding the charges

Again, Petitioner had the opportunity to - and in fact did - raise these claims in his *pro se* motion for post-conviction relief. *See* SCR, "Miscellaneous Pleadings" volume. Accordingly, even if Petitioner could establish that his appellate counsel was ineffective for failing to raise these claims on direct appeal, he could not establish the requisite prejudice, as they were raised before, and considered by, the Mississippi Supreme Court. However, because it is not clear from the Mississippi Supreme Court's Order denying Petitioner's motion for post-conviction relief whether the court considered these claims on their merits (*see* Exh. D to Answer), they will be addressed below.

With respect to claim (d), Petitioner argues that an adequate investigation by his trial counsel would have revealed the female victim's medical records relating to an incident when she fell as a toddler and injured her vagina. Petitioner avers that these records confirm that the female victim was two years old when the injury occurred, and was taken to a hospital for treatment for a vaginal tear. Petitioner argues that these records are in conflict with the minor victim's testimony that she was three years old at the time and that she was not taken to the hospital for treatment. He claims that by failing to investigate these records, his trial counsel failed to "learn the exact nature of the injury and if possibly [the victim's] hymenal membrane might have sustained injury as well."[10] *See* Memorandum at 16-17.

Trial counsel has a duty to conduct a "reasonable amount" of pretrial investigation.

---

[10] The court notes that Petitioner has not provided the court with a copy of these medical records, nor is it clear - based on certain statements made in his Memorandum - that he has ever seen the records. *See*, *e.g.*, Memorandum at 17 (stating that it was a "possibility" that the medical records would have revealed that the female victim's hymenal membrane was torn as a result of the bathtub accident).

*Bower v. Quarterman*, 497 F.3d 459, 467 (5th Cir. 2007), *cert. denied*, 128 S.Ct. 2051 (2008). But counsel "is not required to pursue every path until it bears fruit or until all conceivable hope withers." *Washington v. Watkins*, 655 F.2d 1346, 1356 (5th Cir. 1981) (citation omitted). As the Fifth Circuit has cautioned, courts "must be particularly wary of 'argument[s] [that] essentially come[ ] down to a matter of degrees. Did counsel investigate enough? Did counsel present enough mitigating evidence? Those questions are even less susceptible to judicial second-guessing." *Dowthitt v. Johnson*, 230 F.3d 733, 743 (5th Cir. 2000) (citing *Kitchens v. Johnson*, 190 F.3d 698, 703 (5th Cir. 1999)) (brackets in original).

In order for Petitioner's appellate counsel to have established that Petitioner's trial counsel was ineffective, he would have had to establish that the pre-trial investigation was unreasonable and, as with any ineffective assistance of counsel claim, that the alleged breach of his duty to investigate "resulted in an actual, substantial disadvantage to the course of [Petitioner's] defense." *Baldwin v. Maggio*, 704 F.2d 1325, 1333 (5th Cir. 1983) (citations omitted). As discussed below with respect to Ground Three, however, the minor female victim clearly testified at trial that Petitioner had sexually abused her on several occasions, and there was additional corroborating testimony presented regarding the sexual abuse. Thus, the court cannot conclude that it was unreasonable for appellate counsel to not raise this claim on appeal and choose instead to focus on those claims that he felt were the most viable. Moreover, Petitioner has failed to establish a reasonable probability that the outcome of his appeal would have been different had his appellate attorney raised this claim on appeal.[11] Accordingly, this claim for habeas relief should be denied.

---

[11] Indeed, evidence regarding Petitioner's theory that the bathtub incident had caused the female victim's vaginal injuries was presented to the jury through the testimony of the victim's mother (Petitioner's wife). *See* SCR vol. 4 at 316-18.

With respect to claim d), Petitioner argues that his trial attorney failed "to investigate the circumstances and surrounding facts of the charges including an investigation of relevant statutes, case law, medical reports and interviewing potential witnesses." *See* Memorandum at 18. First, Petitioner argues that had counsel conducted a proper investigation, he would have discovered the minor victim's medical records. This claim has already been addressed *supra*.

Petitioner also argues that had his attorney properly investigated, he would have discovered that Count IV of the superseding indictment was time-barred. Petitioner's claim that Count IV was time-barred was addressed *supra* in Ground One and determined to lack merit. Accordingly, appellate counsel was not ineffective for failing to raise this claim on appeal. *See Kimler*, 167 F.3d at 893; *Jones*, 463 U.S. at 751-54; *Wicker*, 783 F.2d at 497. Moreover, Petitioner raised in his *pro se* motion for post-conviction relief a claim that his appellate counsel was ineffective for failing to raise the issue that trial counsel should have objected to prosecution of Count IV because it was time-barred. *See* SCR, "Miscellaneous Pleadings" volume. Therefore, Petitioner cannot establish prejudice because this claim was, in fact, considered by the Mississippi Supreme Court.

Finally, Petitioner vaguely argues that "had counsel interviewed potential witnesses he would have had a great deal more factual information and would have been better able to prepare a viable defense." However, "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Alexander v. McCotter*, 775 F.2d 595, 602-03 (5th Cir. 1985) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)). "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *Lockett v. Anderson*, 230 F.3d 695, 713 (5th Cir. 2000) (citation omitted). Indeed, "without a specific, affirmative showing of what the

missing evidence or testimony would have been, 'a habeas court cannot even begin to apply *Strickland*'s standards' because 'it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance." *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994) (denying habeas relief on ineffective assistance of counsel claim because petitioner only offered conclusory allegations of deficient performance by counsel based on failure to investigate); *see also U.S. v. Bishop*, 111 Fed. Appx. 343, 345 (5th Cir. Oct. 25, 2004) ("conclusional allegations that defense counsel failed to find any witnesses, present a defense, prepare for trial, and investigate...are insufficient to support a claim for ineffective assistance of counsel."); *Lincecum v. Collins*, 958 F.2d 1271, 1279-80 (5th Cir. 1992) (denying habeas relief where petitioner "offered nothing more than the conclusory allegations in his pleadings" to support claim that counsel was ineffective for failing to investigate and present evidence).  Petitioner's vague allegations are insufficient to establish that his trial attorney was ineffective, let alone that his appellate attorney was ineffective for failing to argue on appeal that his trial attorney was ineffective.  Accordingly, this claim for habeas relief should be denied.

Ground Three

In Ground Three, Petitioner argues that the evidence was insufficient to support his convictions.[12]

Insufficiency of the evidence can support a claim for habeas relief only if the evidence, when viewed in the light most favorable to the State, is such that no "rational trier of fact could

---

[12] The court notes that in arguing his ineffective assistance of counsel claim, Petitioner characterizes the grounds his attorney raised on direct appeal - that the evidence was insufficient to support the verdict and that the verdict was against the overwhelming weight of the evidence - as "frivilious" [sic] because they "lacked support by clear authority."  *See* Memorandum at 9. Nevertheless, the court shall address this claim on its merits.

have found the essential elements of the crime beyond a reasonable doubt." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *see also Dupuy v. Cain*, 201 F.3d 582, 589 (5th Cir. 2000).[13] This standard of review allows the trier of fact to find the evidence sufficient to support a conviction, even if "the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992) (citation omitted). Thus, it "preserves the integrity of the trier of fact as the weigher of the evidence." *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983). "Weighing the conflicting evidence and the inferences to be drawn from that evidence, and determining the relative credibility of the witnesses, are the province of the jury...." *Martin v. Thomas*, 973 F.2d 449, 453 (5th Cir. 1992) (*citing Gibralter Savings v. LDBrinkman Corp.*, 860 F.2d 1275, 1297 (5th Cir. 1988)).

Moreover, the determination of the sufficiency of the evidence by a state appellate court is entitled to great deference. *See Callins v. Collins*, 998 F.2d 269 (5th Cir. 1993) ("Where state appellate court has conducted a thoughtful review of the evidence ... its determination is entitled to great deference.") (citing *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir. 1985)); *Gibson v. Collins*, 947 F.2d 780, 782 (5th Cir. 1991) (stating that on habeas review, federal court must "give great weight to the state court's determination) (citing *Porretto v. Stalder*, 834 F.2d 461, 467 (5th Cir. 1987)).

---

[13] This standard of review is applied with "explicit reference to the substantive elements of the criminal offense as defined by state law." *Dupuy*, 201 F.3d at 589 (quoting *Jackson v. Virginia*, 443 U.S. 307, 324 n.16 (1979)). Petitioner was convicted of three counts (Counts I, II and III) of sexual battery in violation of Miss. Code Ann. § 97-3-95((1)(d), which defines sexual battery as engaging in "sexual penetration with:...A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child," and a count (Count IV) of sexual battery in violation of Miss Code Ann. § 97-3-95(1)(A), which prohibits engaging in "sexual penetration with:....[a]nother person without his or her consent."

Petitioner argues that the evidence was insufficient to support his conviction on Count IV of the indictment because the state failed to prove that Petitioner penetrated either child against their will (as opposed to merely ordering one child to penetrate another). *See* Memorandum at 19-24. The Mississippi Supreme Court considered this argument on direct appeal and held:

> Reasonably and practically construed, Mississippi Code Annotated section 97-3-95 (Rev. 2006), prohibits *any* penetration of a child's genital or anal openings by any part of the body or any object for lustful gratification. It is certain the Legislature did not intend to omit this type of conduct from punishment under this statute. Here, according to testimony in the record, the child, R.M., clearly was penetrated by J.M. at the direction of Eason. The fact that Eason merely ordered the penetration of one minor child by another minor child, rather than doing it himself, is of no consequence. Eason was actively involved in the incident, which was for his own lustful gratification. Moreover, while "the definition of sexual penetration announced in Mississippi Code Annotated section 97-3-97 encompasses any penetration, the Court holds the parameters of the definition of sexual penetration are logically confined to activities which are the product of sexual behavior or libidinal gratification." *Frei v. State*, 934 So. 2d 318, 325 (¶ 18) (Miss. Ct. App. 2006) (quoting *Roberson v. State*, 501 So. 2d 398, 400 (Miss. 1987)).
>
> This Court and the Mississippi Supreme Court have interpreted Mississippi Code Annotated section 97-3-97 (Rev. 2006) to include common sense applications where the accused attempts to engage in semantics regarding the literal reading of the statute. *See Frei*, 934 So. 2d at 325 (¶ 18) (holding that the Mississippi Code Annotated section 97-3-95 was not overbroad despite the fact that innocent penetrations can occur during the course of parental activities or clinical duties and the meaning of sexual penetration is legitimately confined to those activities which are done for sexual gratification); *see also Hennington v. State*, 702 so. 2d 403, 407-08 (¶¶ 12-20) (Miss. 1997) (Defendant claimed the State failed to meet its burden of proof since the indictment charged him with penetration *of a child*, instead of penetration *with a child*; however, the court held "fulfillment of the sodomy penetration requirement is not restricted to acts wherein the accused does the penetrating."). We see no reason why the literal reading of Mississippi Code Annotated section 97-3-95 (Rev. 2006) would not include a perpetrator participating in penetration of a minor child by directing a second minor child to perform said penetration for the perpetrator's own sexual or lustful gratification. The evidence before us in the record

was sufficient to support the jury verdict.

*Eason*, 994 So. 2d at 789-90 (emphasis in original). Petitioner has presented the court with nothing to overcome the great deference this court must accord the state court's determination of the sufficiency of the evidence.

It is not for this court to review the Mississippi courts' interpretation of Mississippi statute. Indeed, a state's interpretation of its own laws is no basis for federal habeas corpus relief since no constitutional question is involved. *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981); *see also Wainwright v. Goode*, 464 U.S. 78, 84 (1983) (citations omitted) (stating that "the views of the state's highest court with respect to state law are binding on the federal courts."). Because a federal habeas court "take[s] the word" of the state's highest court as to interpretation of its laws on a criminal matter and does not "sit to review" that interpretation, *Jackson v. Anderson*, 112 F.3d 823, 825 (5th Cir. 1997), this court must "defer to [the] implicit conclusion and interpretation of state law" by the state court. *Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004).

With respect to Counts I, II and III of the indictment, Petitioner argues that there was insufficient evidence to support his conviction because "the alleged victim's testimony was inconsistent, contradictory with other testimony and was therefore discredited."[14] *See*

---

[14] Petitioner vaguely avers that the female victim's testimony "had been impeached several times by defense witnesses, and shown to be untrustworthy." *See* Traverse [19] at 8. With respect to specific evidence, Petitioner points to testimony from Dr. Tibbs on cross-examination that the redness around the female victim's anus could have been caused by constipation, as well as testimony that the female victim had suffered a vaginal injury earlier in her childhood "which could have caused the scarring in question." *See* Traverse [19] at 7-8; SCR vol. 2 at 126-28, vol. 3 at 220-21, 226-27, vol. 4 at 316-18. The court notes that the female victim had told Dr. Tibbs that she was not constipated. *See* SCR vol. 2 at 127. With respect to the vaginal injury, the female victim testified that when she was around two or three years of age, she was trying to get out of the bathtub when she slipped and straddled the edge of the bathtub, suffering a minor vaginal cut. She testified that despite her age, she recalled the incident, that

Memorandum [4] at 24.  As Petitioner concedes, however (*see id.*), "the unsupported testimony of a victim of a sex crime is sufficient to support a guilty verdict" under Mississippi law.  *Eason*, 994 So. 2d at 790 (quoting *Frei*, 934 So. 2d at 324).  This is so even where there is more than one witness testifying to the contrary, as it is the jury's role to determine which witnesses are more credible.  *See Larson v. State*, 957 So. 2d 1005, 1017 (Miss. Ct. App. 2006), *cert. denied*, 958 So. 2d 1232 (Miss. 2007) (citations omitted).

At Petitioner's trial, the state presented testimony from both minor victims.  The female victim testified that in December 2002 and January 2003, Petitioner had vaginal, oral and anal sex with her on several occasions.  She also testified that on two occasions, Petitioner made her and her brother have sexual intercourse in punishment for not having done their chores - once vaginally and once anally.  *See* SCR vol. 3 at 214-18, 221.  The male victim also testified that on two occasions Petitioner made him and his sister have sexual intercourse in punishment for not doing their chores, while he watched.  *See* SCR vol. 3 at 235-36.

In addition to the testimony of the minor victims, there was other testimony presented by the state regarding the sexual abuse.  The victims' adoptive mother (and aunt) testified that the female victim told her that Petitioner had raped her several days before and had made her and her brother have sex.  *See* SCR vol. 3 at 190, 201-03.  Dr. Tibbs, an expert on child sexual assault, testified that during her examination of the female victim, she told her that "this man my mom is with right now" had anally raped her.  Dr. Tibbs then performed a physical examination of the female victim, which revealed some tears and scarring in the hymen.  In Dr. Tibbs' opinion, this meant that the victim had been vaginally penetrated.  Dr. Tibbs also felt that based on the

she was not penetrated by anything, and she did not recall receiving medical treatment for the injury.  *See* SCR vol. 3 at 220-21, 226-27.

examination, anal penetration was "suggested," although he could not say for certain that it had occurred.  *See* SCR vol. 2 at 118-27.  In addition, Sharon McMahon, a forensic interviewer with the Center for the Prevention of Child Abuse, testified as an expert in forensic interviewing.  Ms. McMahon, who conducted interviews of both minor victims, testified that the female victim had more knowledge about sex than most ten-year-olds.  Ms. McMahon testified that the female and male victims described sexual acts that had been done to them by Petitioner, and identified on an anatomical drawing where Petitioner had touched them with his penis.  Ms. McMahon opined that both victims were credible and consistent in their accounts of what had happened.  The jury was also shown the videotapes of the interviews conducted with the children.  *See* SCR vol. 2 at 84-90, 103-06, 109-11.  In addition, Carl Griffin, a Deputy with the Perry County Sheriff's Department, testified about his interview with the female victim, during which she described how she was forced to have sex with Petitioner on several occasions, and that she and her brother were forced to have sex while Petitioner watched.  Based on her demeanor, Deputy Griffin felt that she appeared to be telling the truth.  *See* SCR vol. 2 at 132-34, 138-39.

The evidence set forth above was clearly sufficient to support the jury's finding of guilt on Counts I, II and III of the indictment.  *See, e.g.*, *Valmain v. State*, 5 So. 3d 1079, 1086 (Miss. 2009) (holding that evidence was sufficient to support sexual battery conviction where victim testified about sexual abuse, victim's brother testified that he witnessed the abuse, and treating nurse described victim's injuries, which were consistent with sexual abuse); *Pierce v. State*, 2 So. 3d 641, 646-47 (Miss. Ct. App. 2008), *reh'g denied*, Dec. 9, 2008, *cert. denied*, 999 So. 2d 1280 (Miss. Feb. 26, 2009), *cert. denied*, 130 S.Ct. 113 (2009) (testimony by victim as to sexual penetration, corroborated by statements made to physician, were sufficient to support conviction for sexual battery); *Reed v. State*, 987 So. 2d 1054, 1056 (Miss. Ct. App. 2008) (evidence was

sufficient to establish sexual battery where state presented credible testimony from victim, social worker, examining nurse and police investigator); *Pryer v. State*, 958 So. 2d 818, 823-24 (Miss. Ct. App. 2007), *reh'g denied*, June 26, 2007 (testimony by victim as to penetration, corroborated by testimony of examining physician that injury was consistent with penetration, was sufficient to establish sexual battery); *Larson v. State*, 957 So. 2d 1005, 1016-17 (Miss. Ct. App. 2006), *reh'g denied*, Mar. 27, 2007, *cert. denied*, 958 So. 2d 1232 (Miss. June 7, 2007) (evidence was sufficient to support conviction for sexual battery where victim testified as to penetration and pediatrician found physician evidence corroborating victim's story). Accordingly, this claim for habeas relief has no merit and should be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 4th of March, 2010.

s/Michael T. Parker
United States Magistrate Judge