**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

STEVEN WALTER EASON                                                            PETITIONER

v.                                                          CIVIL ACTION NO. 2:09cv116-KS-MTP

RON KING                                                                            RESPONDENT

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

THIS MATTER is before the court on *Pro Se* Petition of Steven Walter Easton for a *Writ of Habeas Corpus* under 28 U.S.C. § 2254. Having considered the Petition [1], the Memorandum in Support of Petition [4], the Answer [12], the Traverse [19], the record in the state court proceedings (filed under seal), and the applicable law, the undersigned finds that the Petition should be **denied and dismissed with prejudice**.

## I. PROCEDURAL HISTORY

On February 16, 2006, following a jury trial, Petitioner Steven Walter Eason was convicted of four counts of sexual battery in the Circuit Court of Perry County, Mississippi. *See* State Court Record (SCR) vol. 1 at 50-53; *see also* Petition [1] at 1-2. Petitioner was sentenced to serve consecutive terms of thirty years on Count I, thirty years on Count II, thirty years on Count III, and thirty years on Count IV, with ten years to serve and twenty years suspended, for a total of one-hundred years in the custody of the Mississippi Department of Corrections. *See id.* Petitioner appealed, raising the following as grounds for relief (as stated by Petitioner through counsel):

      I. The evidence was insufficient to prove the indictment.

II. The verdict was against the overwhelming weight of the evidence.

*See* SCR, "Briefs & Other Pleadings" volume; Petition at 2. On March 8, 2008, the Mississippi Court of Appeals affirmed Petitioner's convictions and sentences in a published opinion. *Eason v. State*, 994 So. 2d 785 (Miss. Ct. App. 2008), *reh'g denied*, Aug. 19, 2008, *cert. denied*, Nov. 13, 2008 (Exh. C to Answer). Thereafter, Petitioner filed a *pro se* "Application for Leave to File Motion for Post-Conviction Collateral Relief Pursuant to Sec. 99-39-27 (2006)," alleging the following (as paraphrased by the court):

Ground One: Prosecution of Count IV of the superseding indictment (Cause No. 5234) was time-barred pursuant to Miss. Code Ann. § 99-1-5, as prosecution was not commenced within two (2) years.[1]

Ground Two: Petitioner received ineffective assistance of counsel on direct appeal.

Ground Three: Petitioner received ineffective assistance of counsel at trial.

Ground Four: Petitioner's due process rights were violated because Count IV of the indictment (Cause No. 5234) was time-barred pursuant to Miss. Code Ann. § 99-1-5.

Ground Five: Petitioner's trial was fundamentally unfair due to prejudicial testimony regarding Count IV of the superseding indictment in Cause No. 5234.

---

[1]Petitioner was initially indicted on April 11, 2003 (Cause No. 5051) on two counts of sexual penetration in violation of Miss. Code Ann. § 97-3-95(1)(d) and two counts of sexual intercourse in violation of Miss. Code Ann. § 97-3-65 (1)(b), alleged to have occurred in December 2002 and January 2003, and all involving the same minor female victim. The superseding indictment (Cause No. 5234) which was filed on October 20, 2005, under which Petitioner was tried and convicted, contained three counts of sexual battery in violation of Miss. Code Ann. § 97-3-95((1)(d), involving the same minor female victim as in the initial indictment, and a count of sexual battery upon her as well as her minor brother (Count IV), in violation of Miss Code Ann. § 97-3-95(1)(A), all alleged to have occurred between December 2002 and January 2003. *See* SCR vol. 1 at 4-5; Memorandum at 3-4. The charges in Cause No. 5051 were *nolle prosequied* on February 22, 2006. *See* Exh. A to Answer.

> Ground Six: Eason's constitutional and statutory rights to a speedy trial were violated.
>
> *See* SCR, "Miscellaneous Pleadings" volume.

Petitioner then filed an "Amended Motion for Post-Conviction Collateral Relief," adding the following claims to Grounds One and Two of his original petition (as paraphrased by the court):

> Ground One: The filing of the superseding indictment (Cause No. 5234) violated Petitioner's double jeopardy rights because the preceding indictment (Cause No. 5051) had not been dismissed or *nolle prossed*.
>
> Ground Two: Appellate counsel was ineffective for failing to challenge trial counsel's failure to object to the prosecution's testimony regarding the medical records of the victims, when those records were not entered into evidence.

*See* SCR, "Miscellaneous Pleadings" volume. On May 27, 2009, the Mississippi Supreme Court denied Petitioner's request for post-conviction relief, finding that Petitioner had failed to meet the standard for ineffective assistance of counsel claims set forth in *Strickland v. Washington*, 466 U.S. 668 (1987). *See* Exh. D to Answer.

Petitioner, proceeding *pro se*, filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 19, 2009, raising the following grounds for relief (as paraphrased by the court):

> Ground One: Petitioner's right to due process was violated because Count IV of the indictment was time-barred under Miss. Code Ann. § 99-1-5, and the grand jury in Cause No. 5234 lacked subject matter jurisdiction because the earlier indictment in Cause No. 5051 had not yet been *nolle prossed*.
>
> Ground Two: Appellate counsel was ineffective in that he raised meritless claims on

direct appeal rather than alleging the following grounds for relief:

(a) Count IV was time-barred;

(b) trial counsel was ineffective for failing to object to the prosecution of Count IV because of the time-bar;

(c) trial counsel was ineffective for failing to advise Petitioner of his speedy trial rights;

(d) trial counsel was ineffective for failing to conduct an adequate investigation into the medical records of the female victim; and

(e) trial counsel was ineffective for failing to investigate the facts and circumstances surrounding the charges.

Ground Three: The evidence introduced at trial was insufficient to support the verdict. *See* Petition[1]; Memorandum [4].

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421

(5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III. PETITIONER'S OBJECTIONS AND ANALYSIS

Petitioner has filed an extensive and thorough Objection[27] to the Report and Recommendation[24]. These Objection will be addressed below.

Petitioner first reasserts his argument that Count IV of the superseding indictment was time barred by the 2 year statute of limitations under Miss. Code Ann. § 99-1-5. Contrary to the findings of the Report and Recommendation, the Petitioner argues incorrectly that *Crawford v. State*, 754 So. 2d 1211, 1218, states that an indictment is required to commence prosecution of a felony. Therefore, since Count IV of the superseding indictment, which stemmed from acts occurring in December 2001 and January 2002, was not handed down until October 20, 2005, the two year statute of limitation had lapsed. This theory, however, is incorrect in that *Crawford* does not require an indictment to commence prosecution of a felony charge. The court is *Crawford* was citing *State v. Woodall*, 744 So. 2d 747, 749 (Miss.1999), in pointing out that it was the stance of the court that the trial court in *Woodall* had erred in holding that an indictment was necessary for commencement of prosecution of a felony. The *Woodall* court went on to point out that "[w]hile it is true that an indictment is required to prosecute one charged with a felony, [Mississippi] case law suggests and [Miss. Code Ann. § 99-1-5] mandates that the process of prosecution commences prior to indictment. This is true whether the prosecution involves a felony or a misdemeanor. . ."*Id*. Therefore, the arrest warrants issued on March 21, 2003 by the Perry

County Justice Court and the Petitioner's own act of turning himself in to authorities on that same day effectively commenced the prosecution of the crimes for which he would later be indicted.

Petitioner next argues that the second and superseding indictment was not proper since the first indictment was still pending, and, therefore, the second and superseding indictment violated the Petitioner's right to be free from double jeopardy. Initially this assertion is easily defeated. Jeopardy does not attach until the jury is sworn to try a defendant on an indictment. *Downum v. United States*, 372 U.S. 734, 83 S.Ct. 1033 (1963). Therefore, since Petitioner was never brought to trial on the first indictment, the issuance of a second and superseding indictment was proper and did not place the Petitioner in double jeopardy. Furthermore, the Fifth Amendment double jeopardy issue does not arise in the case at hand. There was, can only be, one jeopardy in the present case, and it is that jeopardy that attached upon the empanelment of the jury which was charged with trying the Petitioner on the second and superseding indictment. However, given the lengthy and thorough nature of the Petitioner's Objection, the intricacies of this reasoning will be fleshed out below.

Petitioner argues that the initial indictment must have been *nolle prosequied* before a second indictment could be issued in order for a second indictment to not place the Petitioner in double jeopardy. This notion, however, confuses the relationship between *nolle prosequi* and double jeopardy, and the notion is not a correct statement of either legal concept. *Nollo prosequi* simply means, "not to wish to prosecute". Blacks Law Dictionary 1074 (8th ed. 2004). Petitioner quotes *Duncan v. State*, as follows "the state can re-indict a person for the same offense [after] (Emphasis added by Petitioner) the *nolle prosse* of the original indictment.939 So. 2d 772 (Miss. 2006)." 939 So. 2d 772, 776 (Miss. 2006). However, the question before the court in *Duncan* was not whether a first indictment must be *nolle prossed* before a second indictment may be issued.

The question was whether *nolle prosse* terminated jeopardy in the initial indictment where a jury had been empanelled on the first indictment but a mistrial had been declared. *Id*. The *Duncan* court relied on the holding in *Caston v. State* to resolve this question. 823 So.2d 473, 504 (Miss.2002) (citing *State v. Kennedy*, 96 Miss. 624, 50 So. 978 (1910), where "there [has] been no actual acquittal or conviction on the merits, and this being the case the state was not barred from further prosecution. Section 22 of the Constitution of 1890 expressly provides that before a person shall be considered to have been once in jeopardy, so as to bar another prosecution, there must be 'an actual acquittal or conviction on the merits,' and there had been no such acquittal or conviction.") *Id*. Stated more clearly, the question was whether *nolle prosse* constituted 'an actual acquittal or conviction on the merits.' If so, a *nolle prosse* would attach jeopardy to an indictment and prevent further prosecution. Therefore, *nolle prosse* was seen as a possible obstacle to, not requisite to as Petitioner avers, further prosecution. Furthermore, in *Mitchell v. State*, the Mississippi Supreme Court determined that *nolle prosse* was not required to precede on a second indictment on the same counts so long as the defendant was not prejudiced and had notice that the state wished to prosecute the second indictment rather than the first. 792 So. 2d 192, 200 (Miss. 2001). In the present case, defense counsel had submitted motions and requests for discovery under the case number from the second indictment. *See* Memorandum at 200.

The prohibition on double jeopardy contained in the Fifth Amendment, and applicable to the states through the Fourteenth Amendment, protects against multiple prosecutions and punishments for the same offense. See *Whalen v. U.S.*, 445 U.S. 684, 688 (1980). However, "[the] Supreme Court has stated consistently that a prosecution does not sufficiently 'jeopardize' a defendant for purposes of a Double Jeopardy clause until the defendant is 'put to trial before a

7

trier of facts." See *U.S. v. Jorn*, 400 U.S. 470, 479 (1971). Therefore, since Petitioner Eason was only tried on the second and superseding indictment, double jeopardy is not implicated in this matter. In this same line of arguments, the Petitioner argues that the second and superseding indictment was improper because the second grand jury lacked subject matter jurisdiction to indict the Petitioner. This assertion is wholly without merit as evidenced by the preceding discussion and will not be addressed further.

Petitioner next objects to the Magistrate Judge's Report and Recommendation that his ineffective assistance of counsel claims should be dismissed. The Report and Recommendation has thoroughly and correctly set out the standard or review for ineffective assistance of counsel claims. The Petitioner's Objection contains no new arguments and merely reasserts those arguments addressed in the Report and Recommendation. Ineffective assistance Claims A and B are without merit as it has been established, both in the Report and Recommendation and above, that Count 4 of the superseding indictment was not time-barred. Therefore, defense counsel's failure to raise that issue on appeal cannot constitute ineffective assistance of counsel. Petitioner requests a *de novo* review of Claim C, however the Magistrate Judge conducted a *de novo* review of Claim C and found that claim to be without merit since the claim had been heard and considered by the Mississippi Supreme Court. [24] at p. 12. Since the Mississippi Supreme Court had already heard this claim, the Petitioner could not show prejudice on this claim. Furthermore, the Petitioner made no attempt to show prejudice on Claim C in his Objection. The Petitioner's objections regarding Claims D and E [Doc. 27, pp. 7 – 11] merely restate arguments addressed thoroughly and correctly in the Report and Recommendation, and, therefore, such objections will not addressed.

The Petitioner finally objects to the Magistrate Judge's finding [Doc. 24, p. 22] that the

evidence set forth at trial was sufficient to support the jury's finding the Petitioner guilty on Counts I, II, and III of the indictment. The Petitioner argues that the female victim's testimony was impeached several times. [27] at 11. As the Report and Recommendation [Doc. 24, p. 21] correctly points out, the Petitioner has conceded that "the unsupported testimony of a victim of a sex crime is sufficient to support a guilty verdict" under Mississippi law. *See* Memorandum [4] at 24. Impeachment of a witness's statement is not always fatal to the statement's veracity in the eyes of the jury, since it is the role of the jury to determine what is or is not credible evidence and testimony. *See Larson v. State*, 957 So. 2d 1005, 1017 (Miss. Ct. App. 2006), *cert. denied*, 958 So. 2d 1232 (Miss. 2007) (citations omitted). At trial the prosecution presented testimony from both minor victims, the victims adoptive mother, Dr. Tibbs[2], Sharon McMahon[3], and Perry County Sheriff's Deputy Carl Griffin.[4]

## IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Eason's objections lack merit and should be overruled. The

---

[2] Dr. Tibbs is an expert on child sexual assault who examined the female victim. During this examination the victim told Dr. Tibbs that "this man my mom is with right now" had anally raped her. Dr. Tibbs report after his examination that anal penetration was "suggested". *See* SCR vol. 2 at 118-27.

[3] Sharon McMahon is a forensic interviewer with the Center for the Prevention of Child Abuse, and she testified at trial as an expert in forensic interviewing, stating that, in her opinion, both victims were credible and consistent in their statements about the abuse. *See* SCR vol. 2 at 84-90, 103-06, 109-11.

[4] Deputy Griffin interviewed the female victim, and he testified that the female victim told him that she was forced to have sex with the Petitioner on several occasions and was forced to have sex with her brother while the Petitioner watched. Deputy Griffin also testified that he felt that the female victim was telling the truth. *See* SR vol. 2 at 132-34, 138-39.

Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and the Petitioner's claim is, hereby, **dismissed with prejudice**.

SO ORDERED AND ADJUDGED on this, the 4th day of August, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE